Slip Op. 07-88

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
:
SINOPEC SICHUAN VINYLON WORKS, :
:
      Plaintiff, :
:
    v. :
:
UNITED STATES, :   Before: Judith M. Barzilay, Judge
:   Court No. 03-00791
      Defendant, :
:
    and :
:
CELANESE CHEMICALS, LTD., :
E.I. DUPONT DE NEMOURS & CO., :
:
      Defendant-Intervenors. :
_____:

OPINION

[Department of Commerce's *Final Results* sustained.]

Dated: May 30, 2007

*Garvey Schubert Barer* (*Ronald M. Wisla*), *J. Patrick Briscoe*, *William E. Perry*, for Plaintiff Sinopec Sichuan Vinylon Works.

*Peter D. Keisler*, Assistant Attorney General; (*Jeanne E. Davidson*), Director; (*Patricia M. McCarthy*) Assistant Director; (*Stephen C. Tosini*), *Paul D. Kovac*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; (*David M. Spooner*), Assistant Secretary for Import Administration; *Arthur D. Sidney*, of counsel, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for Defendant United States.

*Wilmer, Cutler, Pickering, Hale & Dorr, LLP* (*John D. Greenwald*), *Atman M. Trivedi*, *Ronald I. Meltzer*, *Jack A. Levy*, for Defendant-Intervenors Celanese Chemicals, Ltd., & E.I. DuPont de Nemours & Co.

## I. Introduction

This opinion evaluates remand results from the Department of Commerce ("Commerce" or "the Department") produced in response to this court's order in *Sinopec Sichuan Vinylon Works v. United States*, Slip Op. 06-191, 2006 WL 3929638 (CIT Dec. 28, 2006) (not reported in F. Supp.) ("*Sinopec III*").[1] *See generally Final Results of Determination Pursuant to Court Remand* (Dep't Commerce Apr. 14, 2007) ("*Final Results*"). In *Sinopec III*, the court remanded Commerce's final determination for the recalculation of Plaintiff Sinopec Sichuan Vinylon Works's ("SVW") "overhead costs for adjustments that comport with Commerce's estimation of double counting, if any, that may have occurred" in its analysis. *Sinopec III*, 2006 WL 3929638, at *4. Additionally, the court ordered Commerce "to provide . . . a well-reasoned explanation for its final decision." *Id.* Because the Department adhered to the court's order, and for additional reasons given below, the court sustains Commerce's *Final Results* in their entirety.

## II. Jurisdiction & Standard of Review

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c). The court "must sustain 'any determination, finding or conclusion found' by Commerce unless it is 'unsupported by substantial evidence on the record, or otherwise not in accordance with the law.'" *Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996) (quoting 19 U.S.C. § 1516a(b)(1)(B)). Substantial evidence consists of "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Matsushita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984) (quoting *Consolo v. Fed. Mar. Comm'n*, 383

---

[1] Familiarity with the procedural history and reasoning of *Sinopec I*, 29 CIT __, 366 F. Supp. 2d 1339 (2005), *Sinopec II*, Slip Op. 06-78, 2006 WL 1550005 (CIT May 25, 2006) (not reported in F. Supp.), and *Sinopec III* is presumed.

U.S. 607, 619–20 (1966)). "'[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. at 619–20). The court therefore "affirms Commerce's factual determinations so long as they are reasonable and supported by the record as a whole, even if there is some evidence that detracts from the agency's conclusions." *Olympia Indus., Inc. v. United States*, 22 CIT 387, 389, 7 F. Supp. 2d 997, 1000 (1998) (citing *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1563 (Fed. Cir. 1984)). It may not "substitut[e] its judgment for that of the agency." *Hangzhou Spring Washer Co. v. United States*, 29 CIT ___, ___, 387 F. Supp. 2d 1236, 1251 (2005) (citing *Koyo Seiko Co. v. United States*, 36 F.3d 1565, 1570 (Fed. Cir. 1994)).

### III. Discussion

Pursuant to the court's instructions in *Sinopec III*, Commerce determined that "there is no evidence on the record establishing that the . . . application of [the surrogate's] financial ratios resulted in double counting" of SVW's overhead costs. *Final Results* at 1. Furthermore, the Department concluded that its "decision to use [the surrogate's] data in the calculation of SVW's overhead costs without adjustment [i.e., by not extricating the capital costs that the surrogate incurs when producing acetic acid,[2]] is consistent with its decision to apply a by-product credit for SVW's acetic acid recovery into its figures." *Id.* at 1–2.

SVW contests this reasoning and claims that Commerce must remove the by-product credit from its calculations if the Department cannot make adjustments to the surrogate's figures to account for differences between the two firms and thereby lower SVW's normal value. *See*

---

[2]SVW purchases its acetic acid.

Pl.'s Comments Commerce's Third Remand Results 5–6.  However, as SVW itself concedes, "Commerce's inability to obtain information from a party not participating in the administrative review[, such as the surrogate,] as well as established case law, prevent Commerce from making any adjustments to the surrogate producer's financial ratios."  Pl.'s Comments Commerce's Third Remand Results 5; *see also Dorbst, Ltd. v. United States*, 30 CIT __, __, 462 F. Supp. 2d 1262, 1269 (2006).  More importantly, when the Department initially chose SVW's surrogate, it judged the two firms to be at an equal level of integration *after* the incorporation of the by-product credit.  *See Treatment of Self-Produced Inputs in the Less Than Fair Value Investigation on Polyvinyl Alcohol from the People's Republic of China* at 11–12 (Dep't Commerce Mar. 14, 2003).  Thus, Commerce's use of a by-product credit neither conflicts with its conclusion that SVW and its surrogate have equal levels of integration, nor requires that the Department make compensatory adjustments in its calculations to benefit SVW.  *See Rhodia, Inc. v. United States*, 26 CIT 1107, 1110–11, 240 F. Supp. 2d 1247, 1250–51 (2002).  Because Commerce has provided detailed, well-reasoned explanations for its decisions and fulfilled its statutory mandate, the court affirms these findings.  *Accord* § 1516a(b)(1)(B); *see Final Results* at 4–7; *see also* Comments Def.-Intervenors Final Results Redetermination Pursuant Ct. Remand 2–3.

### IV. Conclusion

For the reasons stated above, the Department of Commerce's *Final Results of Determination Pursuant to Court Remand* are sustained.

```
                                                                        /s/ Judith M. Barzilay
      May 30, 2007                                                      _____
Dated:_____                                                    Judge
      New York, NY
```

Slip Op. 07-88

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| SINOPEC SICHUAN VINYLON WORKS, | : | |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES, | : | Before: Judith M. Barzilay, Judge |
| Defendant, | : | Court No. 03-00791 |
| and | : | |
| CELANESE CHEMICALS, LTD., E.I. DUPONT DE NEMOURS & CO., | : | |
| Defendant-Intervenors. | : | |

JUDGMENT

After careful examination of the Department of Commerce's *Final Results of Determination Pursuant to Court Remand* (Dep't Commerce Apr.14, 2007); the parties' responses and replies thereto; and upon due deliberation, the court finds that the determination is supported by substantial evidence and in accordance with law. Therefore, it is hereby

ORDERED that the *Final Results of Determination Pursuant to Court Remand* are SUSTAINED.

| | |
|---|---|
| May 30, 2007 | /s/ Judith M. Barzilay |
| Dated:_____ | _____ |
| New York, NY | Judith M. Barzilay, Judge |

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                     Deputy Clerk